**DURFEE, Plaintiff-Appellee, v EDSON, ET, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3884.   Decided May 29th, 1947.

Guy V. Friedley, Columbus, for plaintiff-appellee.
David T. Keating, Columbus, for defendants-appellants.

## OPINION

By THE COURT

The appeal now proceeds in this Court on questions of law.  The assignments of error set up in the brief of appellant are six in number, three of which are not applicable to the appeal as it comes to this Court from the Common Pleas Court.

The original action in the Municipal Court was in forcible detainer.  The judgment was for restitution of the premises, the subject of the action, and personal judgment for plaintiff for $350.00 and costs.  In the trial court the defendant moved to "quash the purported service of summons upon him and

return thereof," and raised the question of the jurisdiction of the Court because of failure to properly bring defendant Edson into court.

Notice of appeal to the Common Pleas Court was given in the trial court and noted as upon questions of law and fact.

In the Common Pleas Court plaintiff filed a motion to dismiss the appeal because it had not been perfected, no assignments of error had been filed, no brief or bill of exceptions filed. This motion was sustained and the appeal dismissed, and it is from the action of the Common Pleas Court in dismissing the appeal that the appeal is carried to this Court; so that the question here does not reach any of the six numbered assignments of error except numbers 4, 5 and 6, which challenge the right of the Court to dismiss.

In the brief memo. of Judge King in passing on the motion to dismiss he made the observation, "Appellant has failed to perfect his appeal. Counsel for appellant apparently agrees as he has filed no contra memorandum." It is not exact to say that the appeal was not perfected, but the transcript of docket and journal entries discloses that appellant after his appeal filed no assignment of errors, no brief and no bill of exceptions in the Common Pleas Court. It is conceivable that a bill of exceptions would not be required, but if there is a rule in the Common Pleas Court requiring assignments of error and briefs, then manifestly the Court has discretionary power to dismiss for failure to observe such rule. We could assume that in the absence of a showing to the contrary, if the Common Pleas Court had jurisdiction of the appeal, it had the right to dismiss it, and that in so acting it made a valid order.

17 O. Jur. 132. We do not, however, have to resort to presumption, as we have available the Rules of Practice of the Common Pleas Court, of which we may take judicial notice. Rule 21 provides the time within which the appellant shall file his assignments of error, briefs or bill of exceptions, and that upon failure to do so, unless good cause be shown to the contrary, the cause will be dismissed for want of prosecution, or otherwise disposed of at the discretion of the Court. This rule was clearly breached.

Although the notice of appeal filed in the Municipal Court was noted as upon questions of law and fact, such a form of appeal is not known from that Court to the Common Pleas Court, nor do the provisions of §11564 GC apply wherein the Court may extend time within which to file bill of exceptions if it is held that the appeal may not proceed as upon law and fact. This proviso of §11564 GC relates only to the power

of the Court of Appeals upon appeals to that Court. The Common Pleas Court in the instant cause on the appeal from the Municipal Court properly invoked its rule upon the motion to dismiss and nothing appears in this record which would indicate, in the slightest degree, any abuse of discretion in sustaining the motion. Manifestly, the Court should have before it on appeal the errors of which appellant complains and should have the law presented upon which appellant relies.

Upon the sole issue raised upon this appeal no error has intervened to the prejudice of the appellant. The judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## APPLICATION FOR REHEARING

### Decided June 14th, 1947.

By THE COURT

Submitted on application of defendant-appellant for rehearing of its decisions, orders, judgments and decrees sustaining the motion of plaintiff-appellee to dismiss his appeal herein and dismissing it. Counsel concludes that there was no necessity for the filing of a bill of exceptions, assignments of error and briefs because they were manifest upon the record as it came to the Court.

Obviously, assignments of error should have been filed, even though it be granted that all that counsel said is true, and likewise a brief setting forth the basis in law for a reversal of the order to which the appeal was directed. The affidavit which is now made a part of the application and motion specifically directs attention to the errors of which appellant complains. These could have been carried into the assignments of errors and employed as a brief.

If a party takes an appeal from an order or judgment it is his obligation in the reviewing court to set out in writing the specific error or errors of which he complains and to file his legal argument in support thereof. The application and motion will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.